**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| AARON RAPP,<br>      Plaintiff, | )<br>)<br>) |
| vs. | )    Civil Action No. 1:23-cv-00253<br>) |
| Integrity Marketing Group, LLC et al.<br>      Defendant/Cross Claim Plaintiff, | )<br>)<br>)<br>) |
| vs.<br>DONALD TUTTLE,<br>      Third-Party Defendant.<br>_____ | )<br>)<br>)<br>)<br>) |
| DONALD TUTTLE,<br>      Cross-Claim Plaintiff,<br>vs.<br>Ryan Montalto, and<br>Montalto United Insurance Agency, LLC<br>      Cross-Claim Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## <u>THIRD-PARTY DEFENDANT, Donald Tuttle, ANSWER AFFIRMATIVE DEFENSES and Cross-Claim</u>

Comes Now, Third Party Defendant, Donald Tuttle, ("Tuttle") and files his answer to the Third-Party Complaint of Montalto United Insurance Agency, LLC ("Montalto United") and in support of states as follows:

### *(Titles and Answers in Bold)*

### Introduction

1. This case arises from Mr. Rapp's allegations that he received several unsolicited telephone solicitation–from two telemarketers and recruiters hired by Mr. Montalto-promoting a Zoom recruitment session hosted by Messrs. Montalto and Tuttle.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to the genesis of the case and therefore denies the allegations contained in the above paragraph.**

2. On August23, 2023, Mr. Rapp filed his Original Complaint for damages under the Telephone Consumer Protection Action, 47 U.S.C. §§ 227-227b

1

("TCPA") against Integrity Marketing Group, LLC ("Integrity"), rather than Messrs. Montalto and Tuttle, as to certain alleged unauthorized solicitations. Then following a motion to dismiss in which Integrity made clear that all of Mr. Rapp's allegations are tied to unauthorized and unapproved conduct of Messrs. Montalto and Tuttle on September 13, 2023, Mr. Rapp filed an Amend Complaint. Rather than suing the proper parties, however, Mr. Rapp named two new separate corporate entities to this lawsuit: Montalto United and Family First Life, LLC ("FFL")–in lieu of Messrs. Montalto and Tuttle, both of who should have been instead.

**Answer:**    **Tuttle is without knowledge sufficient to answer as it relates to the genesis of the case and therefore denies the allegations contained in the above paragraph.**

### The Parties

3.    Defendant/Third-Party Plaintiff Montalto United is an insurance agency licensed to sell insurance in Indiana and Florida. Montalto United is located in Fort Wayne Beach, Florida. Montalto United is corporate entity, unlike Mr. Montalto who is an individual.

**Answer:**    **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

4.    Defendant Integrity is a limited liability company organized under the laws of the state of Delaware. Is principal place of business is Dallas, Texas.

**Answer:**    **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

5.    Plaintiff Aaron Rapp is an individual who alleges he resides in the state of Indiana.

**Answer:**    **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

6.    Third-Party Defendant Ryan Montalto is an individual who resides in Fort Walton Beach, Florida.

**Answer:**    **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

2

7.   Third-Party Defendant Donnie Tuttle is an individual who resides in the state of Florida.

**Answer:**   **Tuttle is admits the allegation contained above.**

### JURISDICTION AND VENUE

8.   This Court has subject-matter jurisdiction over the case consistent with 28 U.S.C. § 1331 because this case arises under the TCPA, 47 U.S.C. §§ 227-227b-2.  This Court independently has jurisdiction to consider the state-law claims under 28 U.S.C. § 1367.

**Answer:**   **Tuttle is admits the allegation contained above.**

9.   Messrs. Montalto and Tuttle are subject to specific personal jurisdiction in Indiana under Indiana long-arm statute, Indiana Trial Rule 4.4.  They conducted business in the State of Indiana and personally, or through an agent, caused injury by an act or omission in the state of Indiana.  Their contacts with the state of Indiana are thus sufficient to satisfy the Due Process Clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution.

**Answer:**   **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.  Therefore, his contacts are not sufficient to justify personal jurisdiction based on the facts asserted in the Third-Party complaint paragraph 9.**

10.   Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District, and Messrs. Montalto and Tuttle are subject to personal jurisdiction in this District.

**Answer:**   **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.  Therefore, his contacts are not sufficient to justify personal jurisdiction based on the facts asserted in the Third-Party complaint paragraph 10.**

### RELEVANT FACTUAL ALLEGATIONS

**A.   Relationship Among the Parties**

11.   Montalto United is an insurance agency that is licensed to sell insurance in

3

Indiana and Florida.  Montalto United was, and at all relaxant times, operated and managed by Mr. Montalto.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

12. In December 2020, Mr. Montalto sold his equity interest to Montalto United to Integrity and was appointed President of Montalto United, which became a wholly owned subsidiary of Integrity, consistent with all corporate formalities such that each is its own independent and wholly separate corporate entity.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

13. Integrity is an independent distributor of life and health insurance products, and a provider of innovative solutions for wealth management and retirement planning.  By operation of its independent corporate structure, Integrity does not sell insurance products or recruit insurance agents for the purposes of selling insurance products.  Instead, wholly separate subsidiary insurance agencies do so on behalf of the particular subsidiary to which the recruiting efforts are attributable.  Integrity is not a licensed insurance agency.  It does not recruit insurance agents; nor does it coordinate or conduct agent recruitment sessions.  Integrity does not hire third-party companies to oversee recruitment processes or direct their employees or subsidiaries to do so.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

14. Mr. Montalto is a former Integrity employee who resigned after being placed on a performance management program, thereby attempting to avoid what would have been an immediate termination for cause for malfeasance and wrongdoing.  He is subject of ongoing litigation over his business conduct.  *See Integrity Marketing Group, LLC v. Matthew Smith, et al., No. DC-23-03018 (134TH Dist. Ct., Dallas Cty., Tex.)* He is no longer affiliated with Integrity or Montalto United.  At all relevant times, Mr. Montalto engaged in insurance sales and recruiting is licensed insurance agent. Mr. Montalto received TCPA training and, as part of his employment with Integrity and Montalto United, was prohibited from violating TCPA.

4

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

15. Mr. Tuttle has no relationship with Montalto United or Integrity.

**Answer:** **Tuttle admits the allegation in paragraph 15 above.**

16. Any alleged calls placed by the individuals identified in the Amended Complaint called on behalf of Mr. Montalto in his unilateral capacity in violation of his employment agreements and obligations.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

**B.    Aaron Rapp's Allegations**

18. Mr. Rapp alleges that on January 25, 2023, he received several telephone solicitations from individuals promoting "The Million Dollar Agency Workshop," which he alleges was a Zoom recruitment session for insurance agents that took place on January 26, 2023.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

19. Mr. Rapp alleges that these calls violated the TCPA because his number is on the federal Do Not Call ("DNC") registry, and at least one of the calls occurred before 8:00 a.m.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

20. There were three individuals whom Mr. Rapp identified as calling him. The first was an unnamed telemarketer with limited proficiency in the English language. The second caller was a telemarketer named Dawn who disclosed that she was calling from the Philippines. The third caller, Sue Stephens, identified herself as Mr. Montalto's recruiter.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

21. Mr. Rapp alleges that Sue Stephens informed him that her office was

5

located in Destin, Florida.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

22. Mr. Rapp has not alleged that any of these callers worked for Defendants, nor has he alleged that the callers claimed to be acting on behalf of the Defendants.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

23. Mr. Rapp alleges that the "Million Dollar Agency Workshop" was hosted by Messrs. Montalto and Tuttle.  Once again, he does not allege that the Defendants hosted this session, or that Messrs. Montalto and Tuttle claimed to be action on behalf of Defendants during the session.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

24. Mr. Rapp allegedly attended the recruitment session and spoke to Mr. Montalto about the unwelcome phone calls.  He alleges that Mr. Montalto admitted to hiring a third-party company to oversee his recruitment efforts.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

25. Mr. Rapp has attributed the unlawful conduct to actions taken by Mr. Montalto and the three individuals who called him.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

**C.** **Ryan Montalto's Unlawful and Unauthorized Conduct**

26. Mr. Montalto unilaterally acted against the policies and outside of the obligations of Montalto United by engaging in unlawful activities.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to**

6

**above allegations and therefore denies the allegations contained in the above paragraph.**

27. Montalto United's policies require its employees to comply with all state and federal laws, including the TCPA. Any employee or agent of Montalto United that engages in unlawful conduct is acting outside the scope of their employment (or agency relationship) and in violation of those polices.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

28. Mr. Montalto's actions were not authorized by Montalto United.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

29. Based on the allegations in Mr. Rapp's Amended Complaint, Messrs. Montalto and Tuttle acted in concert to orchestrate this recruitment scheme.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event. Rapp Amended Complaint only indicates Mr. Montalto.**

30. Mr. Montalto hired Sue Stephens and the two call center employees to place calls to potential recruits in violation of the TCPA and Montalto United's policies.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

31. Messrs. Montalto and Tuttle are solely responsible for their violations of the TCPA.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

32. Mr. Montalto had a contractual obligation under the Montalto United's policies to obey federal and state laws, including the TCPA.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

33. By engaging in illegal and unauthorized conduct, Mr. Montalto materially breached his contract with Montalto United.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

34. At no time was Montalto United aware of, or involved in, Mr. Montalto's recruitment activities.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

## Count I

### Contribution and Indemnification for Negligent Violation of the TCPA

35. Montalto United repeats and realleges the allegations set forth in each of the proceeding and proceeding paragraphs as if fully set forth here.

**Answer:** **Tuttle reasserts his answers to the above paragraphs 1-35 as though fully reasserted and set forth here.**

36. Third-Party Defendants acted unilaterally and without authorization from Montalto United to commit acts or omissions that constituted negligent violation of the TCPA.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

37. Third-Party Defendants are responsible for the unlawful conduct and should be found liable to the fullest extent of the law, should the Court find in favor of Plaintiff. This may include, but it is not limited to, contributing to the indemnifying against all loses sustained by Montalto United in defending the allegations of Mr. Rapp.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

8

## Count II

## Contribution and Indemnification for Intentional Violation of the TCPA

38. Montalto United repeats and realleges the allegations set forth in each of the proceeding and proceeding paragraphs as if fully set forth here.

**Answer:** **Tuttle reasserts his answers to the above paragraphs 1-37 as though fully reasserted and set forth here.**

39. Third-Party Defendants acted unilaterally and without authorization from Montalto United to commit acts or omission that constituted intentional violation of the TCPA.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

40. Third-Party Defendants are responsible for the unlawful conduct and should be found liable to the fullest extent of the law, should the Court find in favor of the Plaintiff.  This may include, but it is not limited to, contributing to or indemnifying against all loses sustained by Montalto United in defending the allegations of Mr. Rapp.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

## COUNT III

## Contribution and Indemnification Regarding Plaintiff's Class Allegations

41. Montalto United repeats and realleges the allegations set forth in each of the proceeding and proceeding paragraphs as if fully set forth here.

**Answer:** **Tuttle reasserts his answers to the above paragraphs 1-40 as though fully reasserted and set forth here.**

42. Third-Party Defendants are solely responsible for the unlawful conduct that Plaintiff alleges. To the extent that a class action is certified, it would arise from the unilateral actions of the Third-Party Defendants.

9

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

43. Third-Party Defendants are liable, should any relief be granted on a class-wide basis for the unlawful actions of the Third-Party Defendants. This may include, but it is not limited to, contribution to or indemnifying against all loses sustained by Montalto United in defending the allegations of Mr. Rapp and/or the potential class.

**Answer:** **Tuttle is denies the allegation contained above in the his participation in any event was voluntary and he directed nothing and was a mere speaker on the event.**

## COUNT IV

### Breach of Contract as to Ryan Montalto

44. Montalto United repeats and realleges the allegations set forth in each of the proceeding and proceeding paragraphs as if fully set forth here.

**Answer:** **Tuttle reasserts his answers to the above paragraphs 1-43 as though fully reasserted and set forth here.**

45. Mr. Montalto was contractually bound to follow the polices and procedures of Montalto United, which requires Mr. Montalto to obey all federal and state laws, including the TCPA.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

46. By engaging in unlawful recruitment activities, including hiring third-party telemarketers to call individuals on the DNC registry, Mr. Montalto breached his agreement with Montalto United.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

47. Asa direct and proximate cause of Mr. Montalto's breach of his contract, Montalto United has incurred unspecified and continuing damages, including, but not limited to, attorney fees and expenses associated with defending litigation filed by Plaintiff, degradation of reputation, loss of

income, and loss of future business.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

## REQUEST FOR RELIEF

Montalto United respectfully request the following relief:

48. In the event that judgment is entered in favor of Mr. Rapp ( or the putative class proposed by the Amended Complaint), and against Montalto United, this Court also enter a judgement in favor of Montalto United and against Messrs. Montalto and Tuttle.

**Answer:** **Tuttle would request Montalto United's requested relief as to him be denied as they have alleged insufficient grounds under the TCPA to illustrate he has had any violation thereof.**

49. Order Messrs. Montalto and Tuttle be required to indemnify Montalto United for any sums incurred defending against the claims asserted by Mr. Rapp and/or any potential class.

**Answer:** **Tuttle would request Montalto United's requested relief as to him be denied as they have alleged insufficient grounds under the TCPA to illustrate he has had any violation thereof.**

50. Order that Messrs. Montalto and Tuttle be required to contribute to the fullest extent Montalto United for any sums incurred defending against the claims asserted by Mr. Rapp and/or an y potential class.

**Answer:** **Tuttle would request Montalto United's requested relief as to him be denied as they have alleged insufficient grounds under the TCPA to illustrate he has had any violation thereof.**

51. Award Montalto United actual and consequential damages against Mr. Montalto for breach of contract.

**Answer:** **Tuttle is without knowledge sufficient to answer as it relates to above allegations and therefore denies the allegations contained in the above paragraph.**

52. Award attorney's fees and cost to Montalto United associated with

11

defending a lawsuit in which they are not liable for alleged acts committed by Messrs Montalto and Tuttle.

**Answer:** **Tuttle would request Montalto United's requested relief as to him be denied as they have alleged insufficient grounds under the TCPA to illustrate he has had any violation thereof.**

53. Enter any other such relief as the Court may deem just and proper.

**Answer:** **Tuttle would request Montalto United's requested relief as to him be denied as they have alleged insufficient grounds under the TCPA to illustrate he has had any violation thereof.**

## AFFIRMATIVE DEFENSES

1. Third-Party Defendant Tuttle would assert the Third-Party Plaintiff has failed to state a claim upon which relief may be granted under Federal Rules of Trial Procedure 12(b)(6) to Donnie Tuttle related to the TCPA violation, and the Complaint should be dismissed.

2. Third-Party Defendant Tuttle would assert unclean hands by the Third-Party Plaintiffs as they were the contract employers of Mr. Montalto and pursuant to Mr. Rapp's Amended Complaint he was the party in violation of the TCPA.

## Cross-Claim Against Mr. Montalto

Comes Now, Third-Party Defendant, Cross-Claim Plaintiff, Donnie Tuttle and for his Cross Claim against Ryan Montalto and Montalto United would states as follows:

1. Montalto United is an insurance agency that is licensed to sell insurance in Indiana and Florida. Montalto United was, and at all relaxant times, operated and managed by Mr. Montalto.

2. In December 2020, Mr. Montalto sold his equity interest to Montalto United to Integrity and was appointed President of Montalto United, which became a wholly owned subsidiary of Integrity, consistent with all corporate formalities such that each is its own independent and wholly separate corporate entity.

3. Mr. Rapp alleges that on January 25, 2023, he received several telephone solicitations from individuals promoting "The Million Dollar Agency Workshop," which he alleges was a Zoom recruitment session for insurance agents that took

place on January 26, 2023.

4.   Mr. Rapp alleges that these calls violated the TCPA because his number is on the federal Do Not Call ("DNC") registry, and at least one of the calls occurred before 8:00 a.m.

5.   There were three individuals whom Mr. Rapp identified as calling him. The first was an unnamed telemarketer with limited proficiency in the English language. The second caller was a telemarketer named Dawn who disclosed that she was calling from the Philippines. The third caller, Sue Stephens, identified herself as Mr. Montalto's recruiter.

6.   Mr. Rapp alleges that Sue Stephens informed him that her office was located in Destin, Florida.

7.   Mr. Rapp has not alleged that any of these callers worked for Defendants, nor has he alleged that the callers claimed to be acting on behalf of the Defendants.

8.   Mr. Rapp allegedly attended the recruitment session and spoke to Mr. Montalto about the unwelcome phone calls. He alleges that Mr. Montalto admitted to hiring a third-party company to oversee his recruitment efforts.

9.   Mr. Rapp has attributed the unlawful conduct to actions taken by Mr. Montalto and the three individuals who called him.

10.  All acts were done while Mr. Montalto was working for or through Montalto United.

11.  Cross-Claim Defendants, Montalto and Montalto United are liable, should any relief be granted on Mr. Rapp's Amended Complaint or class-wide basis for the unlawful actions of the Cross-Claim Defendants. This may include, but it is not limited to, contribution to or indemnifying against all loses sustained by Tuttle in defending the allegations of Mr. Rapp and/or the potential class.

WHEREFORE, Defendants, would request the Plaintiffs take nothing by way of their complaint and for all other relief that is just and proper.

13

Respectfully Submitted,

/s/ R. DAVID BOYER, II

R. DAVID BOYER, II (#20808-02)

BOYER & BOYER

110 W. Berry St./Suite 1910

Fort Wayne, IN 46802

Tel: 260.407.7123

Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and

foregoing document  has been sent by U.S. Mail, postage prepaid, or serviced electronically

(ECS) when filed with the Court this 1st day of December, 2023 to:

Distribution:
Counsel of Record

/s/ R. David Boyer, II
R. DAVID BOYER, II

14